UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 2 1 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

David Hall Crum,               )
                               )
    Plaintiff,                 )
                               )
v.                             )        Civil Action No.   19-1678 (UNA)
                               )
                               )
United States,                 )
                               )
    Defendant.                 )

### MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on plaintiff's application for leave to proceed *in forma pauperis* and his "Motion," filed as a complaint. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is detained at the District of Columbia Jail "on Pre-trial Status awaiting a Bond decision by the D.C. Court of Appeals." Compl. at 3. The complaint is fully captioned "Motion to Thereby Show, an, Extended Retaliation, by the Defendants, Pursuant to federal section -1331, title -18; and Request for a temporary Injunction." Plaintiff alleges that the United States Attorney for the District of Columbia and an assistant United States attorney "continue to use old D.C. Code Criminal Records," the most recent having occurred on May 9, 2019, "in a response to the D.C. Court of Appeals, in an attempt, to block" plaintiff's "Bond, unfairly." Compl. at 1-2. He seeks from this Court "a temporary injunction against the Defendants concerning those specific records." *Id.* at 2.

1

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain, *inter alia*, "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. Plaintiff has not satisfied that requirement. His recourse lies, if at all, in the local court having jurisdiction over the bond decision. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: June 21, 2019

/s/ J. Boasberg
United States District Judge